J-A07029-25                    2025 PA Super 121

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                               :         PENNSYLVANIA
                 Appellant               :
                                               :
                                               :
            v.                             :
                                               :
                                               :
 JEFFREY DODD                       :         No. 701 MDA 2024

Appeal from the Order Entered April 22, 2024
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0004090-2020

BEFORE: BOWES, J., OLSON, J., and STABILE, J.

OPINION BY OLSON, J.:                                    **FILED: JUNE 11, 2025**

The Commonwealth of Pennsylvania appeals from an order entered on April 22, 2024, which granted a motion *in limine* filed by Appellee, Jeffrey Dodd. We vacate the April 22, 2024 order granting Appellee's motion *in limine* and remand for further proceedings consistent with this opinion.

The trial court summarized the relevant facts and procedural history of this case as follows.

> On October 1, 2020, [Appellee] was charged with strangulation and simple assault of J.F. stemming from a domestic dispute that occurred on September 30, 2020. A preliminary hearing occurred on October 27, 2020, where the investigating officer testified that he observed no injuries to J.F. J.F. also testified at the preliminary hearing and she did not reference any injuries. At the conclusion of the hearing, the charges were held for court.
>
> [Appellee] was arraigned on December 4, 2020. Defense counsel requested discovery from the Commonwealth *via* email on February 18, 2021. The request for discovery included all documents and photographs. The assigned prosecutor replied *via* email on February 21, 2021 with the initial packet of

discovery materials, and noted that "[a]ny photos, body cam or statements have also been requested."

The docket reflects that this matter was continued multiple times throughout 2021 and 2022 until it was listed for trial on or about August 8, 2022 for the September 19, 2022 trial term. However, at [Appellee's request,] the matter was moved back to miscellaneous court on October 2, 2022, for ongoing negotiations.

Negotiations failed, and the matter was placed back on the trial list for the October 24, 2022 term. [Appellee] requested [11] more continuances, along with another move back to miscellaneous court in February 2024 to further negotiate a plea. When those negotiations failed, the case was listed again for the April 2024 trial term.

On April 10, 2024, the prosecutor and defense attorney selected a jury, and a trial date was set for April 17, 2024. On April 16, 2024, defense counsel filed a motion *in limine* to exclude two photographs and [three pages of] text messages the prosecutor turned over to the defense the day after jury selection[, *i.e.*, on April 11, 2024]. The two photographs depicted J.F.'s face with bloodshot eyes. The text messages were [exchanged] between [Appellee] and J.F. shortly after the alleged incident [and purported to discuss and reflect] the basis for their argument and [Appellee's acknowledgement of] his conduct, *i.e.*, an admission. According to the prosecutor, these two pieces of information were provided by J.F. during witness preparation on April 11, 2024. [Upon receipt, t]he Commonwealth forwarded the evidence to defense counsel . . . which was less than one week before trial.

On April 17, 2024, the morning of trial, the prosecutor produced a[n additional] text message to defense counsel purportedly between [Appellee] and J.F.'s stepmother that the prosecutor intended to use at trial, should [Appellee] testify. In that text message, [Appellee] acknowledged his conduct [against J.F. to J.F.'s] stepmother.

[Accordingly, before the jury trial commenced, and o]utside the presence of the empaneled jury, [the trial court] heard

testimony and argument on the motion *in limine*,[1] and on the additional text message produced earlier that morning. Defense counsel asserted that the prosecutor had violated discovery rules. Specifically, defense counsel argued that he was unaware of the injury and text messages until after the jury was selected, and that had [Appellee] known of this new evidence, he would have accepted the previously offered plea agreement. The prosecutor argued that she turned over the evidence as soon as it was known [or produced] to her and affirmed that the new evidence made the Commonwealth's case stronger, negating the previously offered plea.

Trial Court Opinion, 7/16/24, at *1-*3 (unpaginated) (emphasis and footnote added) (footnotes and unnecessary capitalization omitted).

Ultimately, the trial court granted, in part, Appellee's motion *in limine*. The trial court's order, in relevant part, is as follows.

2. The two photographs of [J.F.'s] face are excluded.

3. The text messages between [Appellee] and [J.F.] are excluded.

4. The text message between [Appellee] and [J.F.'s] stepmother is admitted for the purpose of rebuttal should [Appellee] testify, as intended by the District Attorney.

Trial Court Order, 4/22/24, at *1 (unpaginated). The trial court excluded the aforementioned evidence because the Commonwealth's failed to "inquire with J.F. about injuries or communications with [Appellee] until one week before

---

[1] Appellee's written motion *in limine* only sought the exclusion of the two photographs and text messages between J.F. and Appellee. At the hearing, the parties also discussed the text messages between Appellee and J.F.'s stepmother which Appellee's counsel received the day of trial. **See** N.T. Hearing, 4/17/24, at 56-60.

trial" and, in turn, failed to "exercise due diligence in meeting its [discovery] obligations." Trial Court Opinion, 7/16/24, at *7. This appeal followed.[2]

The Commonwealth raises the following issue on appeal:

Whether the [trial court] abused its discretion in excluding two photographs of [J.F.'s] face and the text messages between [her] and Appellee where the Commonwealth did not commit [a] discovery violation?

Commonwealth Brief at 5.

On appeal, the Commonwealth contends that the trial court erred in excluding the evidence of the photographs of J.F.'s face and the text messages between J.F. and Appellee. The Commonwealth argues that it did not commit a discovery violation because it did not possess the aforementioned items until, at the earliest, April 11, 2024, and then immediately disclosed the same to defense counsel. In the alternative, the Commonwealth argues that a continuance, rather than exclusion, was the proper remedy under the circumstances.

We apply a well-settled standard of review when reviewing evidentiary challenges:

When ruling on a trial court's decision to grant or deny a motion in limine, we apply an evidentiary abuse of discretion standard of review. The admission of evidence is committed to the sound discretion of the trial court, and a trial court's ruling regarding

_____

[2] On May 17, 2024, the Commonwealth filed a timely notice of appeal from the trial court's April 22, 2024 interlocutory order and, within the Commonwealth's notice of appeal, the Commonwealth properly certified that the order "terminates or substantially handicaps the prosecution." Commonwealth's Notice of Appeal, 6/29/22, at 1; **see also** Pa.R.A.P. 311(d).

the admission of evidence will not be disturbed on appeal unless that ruling reflects manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support to be clearly erroneous.

*Commonwealth v. Ivy*, 146 A.3d 241, 250 (Pa. Super. 2016) (citation omitted).

The rights and duties attendant to pretrial discovery in criminal litigation are governed by Rule 573 of the Pennsylvania Rules of Criminal Procedure. Rule 573 provides, in relevant part, as follows:

**(B) Disclosure by the Commonwealth.**

**(1) Mandatory**. In all court cases, on request by the defendant, and subject to any protective order which the Commonwealth might obtain under this rule, the Commonwealth shall disclose to the defendant's attorney all of the following requested items or information, provided they are material to the instant case. The Commonwealth shall, when applicable, permit the defendant's attorney to inspect and copy or photograph such items.

\*\*\*

(b) any written confession or inculpatory statement, or the substance of any oral confession or inculpatory statement, and the identity of the person to whom the confession or inculpatory statement was made that is in the possession or control of the attorney for the Commonwealth;

\*\*\*

(f) any tangible objects, including documents, photographs, fingerprints, or other tangible evidence[.]

\*\*\*

**(D) Continuing Duty to Disclose.** If, prior to or during trial, either party discovers additional evidence or material previously

- 5 -

requested or ordered to be disclosed by it, which is subject to discovery or inspection under this rule, or the identity of an additional witness or witnesses, such party shall promptly notify the opposing party or the court of the additional evidence, material, or witness.

\*\*\*

**(E) Remedy.** If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this rule, the court may order such party to permit discovery or inspection, may grant a continuance, or may prohibit such party from introducing evidence not disclosed, other than testimony of the defendant, or it may enter such other order as it deems just under the circumstances.

Pa.R.Crim.P. 573(B)(1), (D), and (E).

It is well-settled that the Commonwealth must turn over evidence within the purview of Rule 573(B) only if the evidence is within the Commonwealth's possession or control. Indeed, this Court, as well as our Supreme Court, have repeatedly held that the "Commonwealth does not violate Rule 573 when it fails to disclose to the defense evidence that it does not possess and of which it is unaware." *Commonwealth v. Collins*, 957 A.2d 237, 253 (Pa. 2008); *see also Commonwealth v. Boczkowski*, 846 A.2d 75, 97 (Pa. 2004) (holding that the Commonwealth did not commit a discovery violation because it did not possess the notes that a testifying witness kept of his conversations with the appellant and was unaware that they existed); *Commonwealth v. Sullivan*, 820 A.2d 795, 804 (Pa. Super. 2003) ("The Commonwealth was not in possession of the disputed statement, therefore the prosecution had no obligation to provide it to the defense."); *Commonwealth v. Long*, 753 A.2d

272, 278 (Pa. Super. 2000) (holding that, because the Commonwealth "gained possession of the [video]tape [] shortly before trial" and "made [the videotape] available to the [appellant] to view before trial as soon as the assistant district attorney received it," it did not commit a discovery violation) (citation omitted).

Upon review, we conclude that the trial court erred in excluding the photographs of J.F.'s face and the text messages between J.F. and Appellee – and that it did so for two reasons. First, it is evident that the trial court's sole basis for excluding the aforementioned evidence was its finding that the Commonwealth failed to exercise due diligence. Indeed, the trial court explained:

> When questioned by the [trial c]ourt regarding the Commonwealth's effort in obtaining information from the victim, the prosecutor indicated that it [was] not her practice to have extended conversations with victims in a case until the matter is scheduled for trial. When asked about the number of times an agent of the Commonwealth had spoken with J.F., the prosecutor surmised that J.F. spoke with the police the night of the incident (September 30, 2020), perhaps the day after the incident on October 1, 2020, October 6, 2020[,] when [an] officer attempted to serve [Appellee] with the arrest warrant, the day of the preliminary hearing on October 27, 2020, April 20, 2022, regarding a plea, March 8, 2023[,] informing her the matter had been listed for trial, and[,] finally[,] April 11, 2024. At no point over three and one-half years, did anyone inquire with J.F. about injuries or communication with the [Appellee] until one week before trial. **The Commonwealth did not exercise due diligence in meeting its obligations under Pa.R.Crim.P. 573(B)(1)[.]**
>
> Pursuant to [Rule 573(B)(1),] the disclosure of photographs, and inculpatory statements by the [Appellee,] *(i.e.*, the text messages) is mandatory. The Commonwealth has an obligation

to produce them so that [Appellee] can properly prepare for trial. The Commonwealth cannot "bury its head in the sand," fail to ask relevant questions and dodge its discovery responsibility. A [tele]phone call with J.F., presumably by the police officer, or District Attorney should have discovered the photographs much sooner, and perhaps even resolved the matter through negotiations. Instead, the Commonwealth waited until the week before trial to engage in this inquiry, which is too late.

Trial Court Opinion, 7/16/24, at *6-*7 (emphasis added). Rule 573, however, does not, itself, impose a duty of due diligence on the part of the Commonwealth. To the contrary, Rule 573, by its very terms, anticipates a situation like the instant matter by requiring the parties to "promptly notify the opposing party" of "additional evidence or material previously requested" either "prior to" or even "**during trial**." Pa.R.Crim.P 573(D) (emphasis added). Moreover, Appellee did not cite to nor are we aware of any case law imposing a duty of due diligence on a party in a criminal case. The trial court, therefore, imposed a duty upon the Commonwealth that does not exist under Rule 573 and, in so doing, committed an error of law.

Second, it is undisputed that the Commonwealth did not have the pictures or relevant text messages in its possession until, at the earliest, April 11, 2024, after the prosecutor met with J.F. It is also undisputed that, upon obtaining the aforementioned evidence, the Commonwealth immediately disclosed the same to Appellee's counsel. "Our cases uniformly hold that the prosecution does not violate discovery rules when it fails to provide the defense with evidence that it does not possess and of which it is unaware during pre-trial discovery." ***Long***, 753 A.2d at 278 (citation omitted); ***see***

*also Collins*, *supra*; *Boczkowski*, *supra*; *Sullivan*, *supra*. Because the Commonwealth did not possess the photograph's of J.F.'s face or the relevant text messages until April 11, 2024 and because the Commonwealth immediately disclosed the items to Appellee upon receiving this evidence, it did not commit a discovery violation.[3]

Based upon all of the foregoing, we conclude that the trial court abused its discretion by excluding the evidence of the photographs of J.F.'s face and the text messages between her and Appellee. If, as the trial court indicated, it was concerned with the "late disclosure of critical evidence in the eleventh hour," the overwhelming majority of authority throughout the Commonwealth provides that a continuance, not exclusion of relevant evidence, serves as the proper remedy. Trial Court Opinion, 7/16/24, at *7; *see* Pa.R.Crim.P. 106(A)

_____

[3] This Court has also previously held that "[w]here the evidence is equally accessible or inaccessible to both the Commonwealth and the defense, the defense cannot use the discovery rules against the Commonwealth for its failure to produce evidence." *Commonwealth v. Miller*, 172 A.3d 632, 647 (Pa. Super. 2017) (citation omitted). In this instance, the text messages exchanged between Appellee and J.F. occurred after the incident on September 30, 2020. The Commonwealth, obviously, did not have control of J.F.'s cellular telephone. The Commonwealth also did not have control of Appellee's cellular telephone. To the contrary, as noted by the trial court, defense counsel indicated during the April 17, 2024 hearing that, "in the years since the incident," both Appellee and J.F. "have either changed [tele]phone numbers or switched carriers" and, as such, were unable to "access the [text] messages." Trial Court Opinion, 7/16/24, at *8. Hence, the text messages were, at least, equally inaccessible to both parties. We note, however, that "the Commonwealth was [arguably] at the bigger disadvantage" because Appellee sent the text messages and, as such, "logically knew of their existence." *Miller*, 172 A.3d at 647, n.6. For this reason, our case law dictates that "[Appellee] cannot use the discovery rules against the Commonwealth for its failure to produce the evidence sooner." *Id.* at 647.

("The court or issuing authority may, in the interests of justice, grant a continuance, on its own motion, or on the motion of either party."). We therefore vacate the trial court's April 22, 2024 order granting Appellee's motion *in limine* and remand for further proceedings consistent with this opinion.

Order vacated. Matter remanded. Jurisdiction relinquished.

Judge Stabile joins this Opinion.

Judge Bowes files a Concurring and Dissenting Opinion.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 06/11/2025

- 10 -